```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


KAY KRONENBERG AND                             CIVIL ACTION
ALAN KRONENBERG

VERSUS                                         NO. 07-4877

FIDELITY NATIONAL INS.
CO. AND DAVID PAULISON,                        SECTION "R"
DIRECTOR OF THE FEDERAL
EMERGENCY MANAGEMENT AGENCY
```

### ORDER AND REASONS

Before the Court is the unopposed motion of defendant David Paulsion, the Director of the Federal Emergency Management Agency (FEMA), to dismiss. For the following reasons, the Court GRANTS defendant's motion.

### I. BACKGROUND

Plaintiffs insured their home that was damaged in Hurricane Katrina with a Standard Flood Insurance Policy (SFIP) that they obtained from defendant Fidelity National Insurance Company, a Write-Your-Own (WYO) insurance company participating in the National Flood Insurance Program (NFIP). Plaintiffs bring claims for breach of contract and improper insurance adjustment and seek statutory damages and penalties under La. Rev. Stat. §§ 22:658, 22:1220. Although FEMA did not issue the SFIP or adjust the plaintiffs' claim, plaintiffs also seek to recover against FEMA. FEMA now moves to dismiss, arguing that WYO Companies are solely

responsible for their obligations to the insured, that there is no waiver of sovereign immunity to sue the Federal Government, and that there was no privity of contract between the plaintiffs and FEMA.

## II. DISCUSSION

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations and quotation marks omitted).  Although a complaint need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, it must show that the pleader is entitled to relief and include more than mere "labels and conclusions." Fed.R.Civ.P. 8(a); *Twombly*, 127 S.Ct. at 1964-65; *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992)("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.").

With the passing of the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, Congress established the NFIP. Under the NFIP, both FEMA and WYO insurers may provide standard flood

insurance policies. *See* 42 U.S.C. § 4071. When FEMA denies claims under a standard flood policy, that it has issued, the injured policyholder may sue FEMA under a limited waiver of sovereign immunity. 42 U.S.C. § 4072; *Wiedemann v. Harleysville Mut. Ins.*, Civ. A. No. 06-4723, 2006 WL 3462926, at *1 (E.D.La. Nov. 28, 2006).

When a WYO insurance company issues an SFIP, federal regulations provide that, a WYO insurer "shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator [of the NFIP], such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." 44 C.F.R. § 62.23(g). In cases involving disputes arising out of a standard flood policy issued by a WHO provider, the WYO insurer, not the federal government, is the only real party of interest and is solely liable for the coverage of the standard policy that it provided. *Wiedemann*, 2006 WL 3462926, at *1; *Gumpert v. Allstate Ins. Co.*, No. Civ. A. 97-1531, 1997 WL 538003, at *2 (E.D. La., Aug. 26, 1997). Fidelity is not an agent of the government and is the only party in interest.

Here, FEMA is not a real party of interest as Plaintiffs did not obtain their policy from FEMA. Plaintiffs specifically plead

3

in their complaint that they obtained their policy from Fidelity, and the submitted declarations of page of their policy indicates that Fidelity is the insurer. There is no mention of FEMA. Plaintiffs do not allege, and there is nothing to suggest, that FEMA played any part in adjusting or denying their claims. As a WYO carrier, Fidelty is responsible for arranging for the adjustment, settlement, payment, and defense of all claims arising from policies of flood insurance that it issues under the NFIP. 44 C.F.R. § 62.23(d). As the regulations make clear, Fidelity is not a general agent of the government. Accordingly, plaintiffs have failed to state a claim against FEMA upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.

New Orleans, Louisiana, this  5th  day of March, 2008.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4